IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

BRENDA C. ARMSTEAD          :

    v.                          :     CIVIL ACTION NO. CCB-02-3941

SPRINT PCS EXECUTIVE SERVICES :

..oOo..

**<u>MEMORANDUM</u>**

On December 6, 2002, the plaintiff, a resident of Galveston, Texas, filed this one page complaint against Sprint PCS Executive Services ("Sprint"). Affording the complaint a generous construction, Ms. Armstead apparently takes issue with: (1) Sprint's failure to provide her a promised rebate for signing up for its services; (2) the requirement that she receive a credit check before obtaining Sprint's services; and (3) Sprint's overcharging for services and refusal to correct the billing. Plaintiff alleges violations under the "Privacy Act," "Discrimination Act," and "Title VII VI IX." She seeks $3,000,000.00 in damages.[1]

---

[1] According to the federal court PACER DOCKET, plaintiff has filed some 38 civil cases in other federal courts and jurisdictions during the course of 2002 (the Court of Federal Claims and the District Courts of Florida, Massachusetts, Ohio, Connecticut, Pennsylvania, Missouri, Nevada, New York, Alabama, New Hampshire, West Virginia, Iowa, Minnesota, Illinois, Texas, Arizona, Louisiana, Oklahoma, Arkansas, Washington, California, Michigan, Indiana, Maine and Mississippi). Approximately 32 of these cases were filed in December 2002. The court has not been able to gain access to all case dockets. Therefore, it is not clear whether Ms. Armstead has previously filed a related federal complaint against Sprint.

Because she appears indigent, plaintiff's motion for leave to proceed *in forma pauperis* shall be granted. However, assuming, without deciding, that plaintiff has alleged a federal claim, I find that this Court lacks venue over the matter.

Under 28 U.S.C. § 1391(b), a civil action that is not founded solely on "diversity of citizenship" may be brought only in the judicial district where any of the defendants reside, if all defendants reside in the same State; a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of the property that is the subject of the action is situated; or a judicial district in which any defendant may be found, if there is no district in which the action may otherwise be brought.

Plaintiff lists Sprint with a corporate residence of Kentucky. There is no apparent connection between the events giving rise to this complaint and Maryland. Therefore, the complaint shall be dismissed without prejudice.[2]  A separate Order follows.

12/17/02
Date

Catherine C. Blake
United States District Judge

---

[2] Ms. Armstead does not provide a clear and concise statement of facts; there is some question as to whether there is ongoing litigation in another court regarding this matter; and, based upon the conclusory allegations provided this Court, it is not clear where venue would be appropriate. Because of these deficiencies, I shall not transfer this case. Plaintiff is free to re-file a properly completed complaint in the appropriate jurisdiction.